UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| CHARLES R. RUNION, | ) |
|     *Plaintiff*, | ) |
| v. | ) Case No. 4:24-CV-50 |
| CHARLES RICH, JEFF GOODRICH, AUSTIN SWEENEY, RONNIE PRINCE, and BEDFORD COUNTY SHERIFF'S DEPARTMENT, | ) Judge Curtis L. Collier |
|     *Defendants*. | ) |

## **MEMORANDUM OPINION**

Plaintiff, a former inmate of the Bedford County Jail, filed a pro se complaint for violation of 42 U.S.C. § 1983 (Doc. 1) and a motion for leave to proceed *in forma pauperis* (Doc. 2). But as Plaintiff subsequently notified the Court of a change in address due to his apparent release from incarceration (Doc. 6), the Court needed to determine whether Plaintiff qualified to proceed *in forma pauperis* as a released individual. *See McGore v. Wrigglesworth*, 114 F.3d 601, 613 (6th Cir. 1997).

Accordingly, on August 14, 2024, the Court entered an order (1) directing the Clerk to send Plaintiff a non-prisoner form motion for leave to proceed *in forma pauperis*, (2) providing Plaintiff thirty (30) days from the date of entry of that order to pay the full filing fee or to submit the necessary document to proceed *in forma* pauperis, and (3) notifying Plaintiff that if he failed to fully and timely comply with that order, the Court would presume Plaintiff is not a pauper and order the case dismissed for want of prosecution without further notice. (Doc. 7 at 1–2.) Plaintiff has not complied with this order, and his time for doing so has passed. Accordingly, for the reasons

set forth below, this action will be **DISMISSED** for want of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Rule 41(b) gives this Court the authority to dismiss a case "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order."  Fed. R. Civ. P. 41(b); *see also Rogers v. City of Warren*, 302 Fed. Appx. 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sue sponte order of dismissal under Rule 41(b)" (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962)).  The Court examines four factors when considering dismissal under this Rule:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citation omitted).

As to the first factor, it appears that Plaintiff received the Court's prior order and chose not to comply.  As to the second factor, Plaintiff's conduct has not prejudiced Defendants.  As to the third factor, as the Court noted above, the Court's previous order warned Plaintiff that it would dismiss this case if Plaintiff failed to timely comply with that order.  Finally, as to the fourth factor, alternative sanctions are not warranted, as Plaintiff sought to proceed *in forma pauperis* in this action and has failed to comply with the Court's clear instructions.  On balance, the Court finds that these factors support dismissal of this action under Rule 41(b).

Accordingly, this action will be **DISMISSED with prejudice**.  The Court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

2

Case 4:24-cv-00050-CLC-SKL    Document 8    Filed 10/09/24    Page 2 of 3    PageID #: 59

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**